IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MORRIS D. BELL,

      Plaintiff,             No. CIV S–06–138 MCE GGH P

   vs.

SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT, et al.,

      Defendants.     <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $4.47 will be assessed by this order.  28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the

1   Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

2   preceding month's income credited to plaintiff's prison trust account.  These payments will be

3   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

4   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18        A complaint, or portion thereof, should only be dismissed for failure to state a

19  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

21  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

22  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

23  a complaint under this standard, the court must accept as true the allegations of the complaint in

24  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

25  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

26  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    Named as defendants are the Sacramento County Sheriff's Department and the

2  Sacramento County Jail.  Plaintiff alleges that on September 9, 2005, he was beaten at the jail by

3  several deputy sheriff's.

4    Section 1983 provides a cause of action against any "person" who, under color of

5  law, deprives any other person of rights, privileges, or immunities secured by the Constitution or

6  laws or the United States.  The term "person" includes municipalities.  Monell v. Dep't. of Social

7  Serv. of N.Y., 436 U.S. 658, 694, 98 S.Ct. 2018 (1978).  A municipality cannot, however, "be

8  held liable under § 1983 on a respondeat superior theory."  Id. at 691, 98 S.Ct. 2018.  Liability

9  may attach to a municipality only where the municipality itself causes the constitutional violation

10  through "execution of a government's policy or custom, whether made by its lawmakers or by

11  those whose edicts or acts may fairly be said to represent official policy."  Monell, 436 U.S. at

12  694, 98 S.Ct. 2018.

13    According to the legal standards set forth above, plaintiff may only state a

14  colorable claim against defendants if the deputies involved in his beating were acting pursuant to

15  a Sacramento County Jail or Sheriff's Department policy.  Because plaintiff does not allege that

16  any of the deputies involved in his beating were acting pursuant to such a policy, the complaint is

17  dismissed with leave to amend.

18    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

20  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

21  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

22  there is some affirmative link or connection between a defendant's actions and the claimed

23  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

24  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

25  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

26  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3  amended complaint be complete in itself without reference to any prior pleading.  This is

4  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7  original complaint, each claim and the involvement of each defendant must be sufficiently

8  alleged.

9        In accordance with the above, IT IS HEREBY ORDERED that:

10       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11       2.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

12  Plaintiff is assessed an initial partial filing fee of $4.47.  All fees shall be collected and paid in

13  accordance with this court's order to the Director of the California Department of Corrections

14  filed concurrently herewith.

15       3.  The complaint is dismissed for the reasons discussed above, with leave to file

16  an amended complaint within thirty days from the date of service of this order.  Failure to file an

17  amended complaint will result in a recommendation that the action be dismissed.

18  DATED: 2/16/06

19

20                                    /s/ Gregory G. Hollows

21                                    _____
                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

22  bell138.b
    ggh:kj

23

24

25

26

4